[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on October 2, 1986 in Westerly, Rhode Island. Her birth name is Lamping.
The parties were previously married to each other in 1979. This first marriage resulted in a divorce on February 18, 1985.
Both of the parties have lived in Connecticut for at least one year prior to the commencement of this action.
Three children have been born to the wife. All of the children are issue and minors, to wit: Seamus Minogue, born CT Page 9917 October 12, 1980; Eilis Minogue, born March 17, 1984; and Liam Minogue, born November 12, 1986.
The marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution may enter.
This matter was heard by the court over a lengthy period of time, beginning with the first hearing on February 19, 1993 and the final hearing on August 17, 1993.
Initially, both parties sought custody of the three minor children and most of the testimony involved the custody issue. Since then, it appears that somewhat of an accommodation has been reached which takes under consideration the wishes of the children and substantial input from counsel for the minor children and the Family Relations Office. In fact, a stipulation was entered into by the parties, dated May 20, 1993. This stipulation provided for custody of the children to be joint with physical custody of Seamus to be with the father and physical custody of Eilis and Liam to be with the mother.
The mother has voiced concerns over the inability of the parties to communicate and therefore requests that the visitation rights be specific. She also feels that there should be reciprocal visitation rights so that the children can be together as much as possible.
The husband appears to have shied away from the stipulation of May 20, 1993 and now feels that he should have custody of the three children, both legal and physical.
At the time of their first marriage, the defendant wife was 18 years of age and the plaintiff husband was 38. On February 18, 1985, their first marriage was dissolved. There is no question in the court's mind that the divorce was, in fact, a sham. Following the divorce, they left the United States and went to Ireland and returned in 1985. They then remarried and the husband spent considerable time in New York. The wife testified that she was very unhappy and very lonely. She admits to having an affair with one "Todd". She testified that Todd was pretty much thrust upon her. The court finds their explanation difficult to understand. She spent some time in Maine with her paramour, and upon returning to Connecticut on Christmas Eve, her husband refused her access to the home. CT Page 9918
She testified that her relationship with Todd ended when she left Maine.
The court need not recite the many trysts which the wife took to Ireland and back. Suffice it to say that the period between 1987 and 1990, when the children returned to the United States, were extremely difficult for both parties.
It is difficult for this court to find that one party contributed more to the breakdown of the marriage than the other. Certainly, the wife's infidelity cannot be disregarded as one of the major causes. Similarly, the husband's lack of understanding and unwillingness to share his time and events with his wife must also be considered. He was also very inflexible and had to have things done his way and without prior consultation with his wife.
The husband presently receives $201 net from disability retirement. He is 54 years of age. The wife is 34 years old and works part time at American Ambulance and also does housecleaning on a part-time basis. Her net income is approximately $212 per week.
The court has carefully reviewed all of the evidence in this proceeding, and has determined that given the circumstances of the parties and applying the statutory criteria of Connecticut General Statutes 46b-82, that periodic alimony should not be awarded to either party.
The court has further considered the mandates of Connecticut General Statutes 46b-81 and 46b-84 and further orders as follows:
(1) Custody of the three minor children shall be joint with physical custody of Seamus to be with the father and physical custody of Eilis and Liam to be with the mother.
In order to provide that the children spend as much time together as possible, the visitation rights should be reciprocal. The court therefore orders visitation as follows:
a. The children shall alternate weekends with each of their parents from Friday at 5 p. m. to Sunday at 5 p. m. During the week, one weekday night on Wednesday, they shall be with CT Page 9919 their mother for dinner and on Tuesday, with their father for dinner from after school until 7 p. m.
b. During the summer, the children shall spend the month of July with their father and the month of August with their mother. Each shall provide the other of the address and telephone number where the children will be located during the summer vacation time. Each shall have regular telephone access to the children.
c. The defendant shall have the children during the Thanksgiving school recess and the plaintiff shall have them one-half of the Christmas school recess to include Christmas in one year and to include New Year's Day the following year, starting with Christmas in 1993. The parties shall alternate the remaining school vacations.
Each party shall provide the other with sixty (60) days notice of his or her intention to relocate from the State of Connecticut. It is the court's belief that at this time it is in the best interests of the children that they be physically located near each other so as to facilitate contact with each other.
(2) The court will make a nominal order for child support at this time since the children will be spending as much time as possible with both parents. However, since the mother will have the physical responsibility of two children, the court orders the husband to pay her the sum of $30 per week as support. The court finds the guidelines inapplicable because of the split custody and visitation arrangement.
(3) Both parties shall maintain medical and dental insurance for the minor children as available through their employment. All unreimbursed medical and dental expenses shall be divided equally. The provisions of 46b-84(c) shall apply.
(4) The husband shall pay to the wife as lump sum alimony the sum of eight thousand ($8,000) dollars within two years.
(5) Each of the parties shall pay his or her own attorney fees and expenses.
(6) The husband shall be entitled to take Seamus as a CT Page 9920 tax exemption and the wife shall take Eilis and Liam.
(7) Each of the parties shall retain and own the personal property which is presently in his or her possession.
(8) Each of the parties shall pay the sum of $500 to Attorney Chamberlain within sixty (60) days.
(9) Each of the parties shall pay his or her own liabilities.
Mihalakos, J.